USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_9/8/2014_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
ALFRED JOHNSON,                                     :
                      Plaintiff,          :
                                    :
           -against-               :          14-CV-587(VEC)
                                    :
CITY UNIVERSITY OF NEW YORK, d/b/a     :       OPINION AND ORDER
Medgar Evers College,                              :
                  Defendant.[1]        :
---------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      Bullying and harassment have no place in the workplace, but unless they are motivated

by the victim's membership in a protected class, they do not provide the basis for an action under

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), and any complaint

to the Equal Employment Opportunity Commission ("EEOC") based on them does not constitute

"protected activity" under Title VII.  Victims of non-discriminatory bullying at the workplace,

like those treated unfairly for reasons other than their membership in a protected class, must look

outside Title VII to secure what may be their fair due.  The Court does not condone bullying, but

it cannot read Title VII to protect its victims unless the bullying reflects discrimination based on

race, color, religion, sex, or national origin.

## BACKGROUND[2]

      Plaintiff Alfred Johnson, *pro se*, brings this Title VII action against the City University of

New York ("CUNY").  Johnson was a Lecturer in the Music Department of CUNY's Medgar

---

[1]       The Clerk of the Court is directed to amend the official caption to list the Defendant as named here.

[2]       The Court presumes the truth of the Complaint's allegations at this stage in the litigation.  *See Meyer v. JinkoSolar Holdings Co., Ltd.*, --- F.3d ---, No. 13-616-cv, *slip op.* at 3, 8 (2d Cir. July 31, 2014).  Because Johnson submitted two amendments to his complaint rather than an amended complaint, the Court relies on both the initial complaint and the June 10 and June 25, 2014 amendments.  The amendments are cited as first amendment to the complaint ("FAC") and second amendment to the complaint ("SAC").

Evers College, where he worked for nine years "with a stellar work and performance record." Compl. at 3.  For at least the last three years of his employment, Johnson regularly complained "regarding the bullying and harassment by [his Department's] current Chair."  *Id.*  Although his grievance process was somewhat complicated by the fact that the President of his union was the Department Chair against whom he had a grievance, SAC at 3, in April 2013 Johnson spoke with the Dean of the School of Liberal Arts, who referred him to the school's Chief Diversity Officer, Dr. Sylvia Kinard, *id.*  From April 2013 on, CUNY was formally on notice of the nature and substance of Johnson's complaints.  *Id.*

In September 2013, Johnson met with the Chair for his annual evaluation.  Johnson's evaluation was "conducted differently than previous evaluations."  *Id.* at 3; *see also* Dkt. 28 at 6.  Approximately one month after this meeting, on the recommendation of Dr. Kinard, Johnson filed a formal complaint with the EEOC.  *Id.* at 4.  Johnson's initial EEOC complaint alleged "[b]ullying and harassment" that was not predicated on Johnson's membership in a protected class, Dkt. 28 at 2-5, and unlawful retaliation based on protected conduct, Compl. Ex. A ("You allege you were retaliated against, in violation of Title VII.").[3]  Within a few days of his EEOC complaint, in October 2013, the Union filed a grievance with the Chair regarding how he conducted Johnson's annual evaluation.  SAC at 4.

From September through November 2013, the Chair represented the faculty in a series of annual personnel and budget meetings in which the University determined which faculty would be retained for the following school year.  *Id.* at 3-4.  Based on these meetings, CUNY decided not to reappoint Johnson after the 2013-2014 academic year and not to approve him for tenure.

---

[3]     Johnson's EEOC complaint, which was filed before any adverse action was actually taken against him by CUNY, appears to contemplate those actions, as they are the only examples of retaliation that Johnson alleges.  The timing of these allegations might be relevant if the Court were to reach the questions of administrative exhaustion and causation, but the timing is irrelevant to the discussion here.

SAC at 4, Compl. at 3.  On November 21, 2013, Johnson received a non-reappointment letter

from CUNY President Dr. Rudy Crew.  SAC at 4.  Until he received this letter, Johnson did not

know for sure that he would not be reappointed.  *Id.*

On December 24, 2013, the EEOC completed its investigation; it was unable to conclude

that Johnson had established a violation of his rights under Title VII and issued Johnson a Right

to Sue letter.  Compl. Ex A at 1-2.  Johnson initiated this action on January 30, 2014, asserting

claims for failure to hire, termination, failure to promote, and retaliation.  Compl. at 2-3.  CUNY

moved to dismiss the complaint, prompting Johnson to amend his complaint.  Upon receipt of

the first amendment to the Complaint, the Court issued an order permitting Johnson to amend the

Complaint more completely to include, *inter alia*, facts supporting the allegations that he

engaged in protected activity, CUNY was aware of this activity, and because of this activity

CUNY took an adverse action against him.  Dkt. 28.  On June 25, 2014, Johnson submitted an

additional amendment to his Complaint; CUNY moved pursuant to Rule 12(b)(6) to dismiss the

Complaint as supplemented.

## DISCUSSION

In reviewing a motion to dismiss under Rule 12(b)(6), courts "'accept all factual

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.'"

*Meyer v. JinkoSolar Holdings Co., Ltd.,* --- F.3d ---, No. 13–616–cv, *slip op.* at 8 (2d Cir. July

31, 2014) (quoting *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d

109, 119 (2d Cir. 2013) (alterations omitted)).  "Under *Ashcroft v. Iqbal,* 'a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face' to survive a motion to dismiss."  *Nielsen v. AECOM Tech. Corp.,* --- F.3d ---, No. 13–235–

cv, *slip op.* at 7–8 (2d Cir. Aug. 8, 2014) (quoting *Iqbal*, 556 U.S. 662, 678 (2009)).  "At this

stage, dismissal is appropriate only where [Plaintiff] can prove no set of facts consistent with the complaint that would entitle [him] to relief." *Meyer,* --- F.3d at ---, *slip op.* at 9.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice, and [courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (other internal quotations marks and citations omitted)).

"Even after *Twombly*, though, [courts] remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  In their "review of the sufficiency of a *pro se* complaint such as [Johnson's, courts] are constrained to conduct [their] examination with 'special solicitude,' interpreting the complaint to raise 'the strong claims that it suggests.'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475, 474 (2d Cir. 2006) (*per curiam*)) (alterations omitted).

I. **Johnson Does Not State a Claim for Hostile Work Environment, Failure to Promote, Wrongful Termination, or Failure to Hire Based on Membership in a Protected Group.**

On his form Title VII Complaint, Johnson checked the boxes indicating that he was alleging wrongful discharge, failure to hire, and failure to promote.  Compl. at 2.  The Complaint also alleges retaliation.  *Id.* at 3.  It does not assert that CUNY took any of these adverse actions against Johnson because of his race, gender/sex, national origin, age, disability, color, or religion. *Id.*  It also does not allege that Johnson believed that his boss's bullying and harassment was predicated on any of these protected traits.  *Id.*  Johnson further informed the Court that he was not alleging that his Chair's hostility was motivated by his race, sex, age, or national origin.  Dkt. 28 at 2-3.  As a result, the Court interprets Johnson's Complaint as failing to raise any claim that

Johnson was bullied, fired, denied tenure, or not re-hired based on his membership in a protected group.[4]

## II.      Johnson Does Not State a Claim for Unlawful Retaliation

Johnson also alleges that CUNY's failure to reappoint him constituted impermissible retaliation for his EEOC complaint.  "To [allege] a *prima facie* case of retaliation, a plaintiff must [allege] that '(1) []he engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and the adverse action.'"  *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (*per curiam*) (quoting *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012)).  "To prevail on a retaliation claim, 'the plaintiff need not prove that [his] underlying complaint of discrimination had merit,' but only that it was motivated by a 'good faith, reasonable belief that the underlying employment practice was unlawful.'"  *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (quoting *Lore*, 670 F.3d at 157; and *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996)).

Specifically, a complainant "is 'required to have had a good faith, reasonable belief that [he] was opposing an employment practice made unlawful by Title VII.'"  *Kelly*, 716 F.3d at 14 (quoting *McMenemy v. City of Rochester*, 241 F.3d 279, 285 (2d Cir. 2001)).  "The reasonableness of the plaintiff's belief is to be assessed in light of the totality of the circumstances."  *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir.

---

[4]      Even if the Court interpreted the Complaint to include these claims, they would be dismissed under Rule 12(b)(6).  To allege a Title VII claim for an adverse employment action, "the plaintiff must [allege] . . . that [the adverse action] occurred in circumstances giving rise to an inference of discrimination."  *Chambers v. TRM Copy Cents. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994).  The same is true for hostile work environment claims.  *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) ("[I]n order to establish a . . .hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of [his membership in a protected group].").  Johnson has specifically declined to allege that any of the conduct about which he complains was motivated by his membership in a protected class.

1998).  "A plaintiff's belief on this point is not reasonable simply because he or she complains of something that appears to be discrimination in some form," even when the complaint cites reprehensible language or behavior.  *Kelly*, 716 F.3d at 15 (citing *Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 134-35 (2d Cir. 1999)).  In *Wimmer,* the Second Circuit affirmed that one officer's complaints about other officers' use of racial slurs and suspicionless stops of minorities did not constitute "protected activity" for Title VII purposes.  176 F.3d at 134-35.  In *Kelly*, the plaintiff was forced to quit after complaining that her employer (who happened to be her brother) showed unfair preference for his office paramour.  716 F.3d at 13.  The Circuit held there was "no indication either that Kelly herself possessed a good-faith belief that she was complaining of conduct prohibited by Title VII or that her employers could have understood her complaints in this way."  *Id.* at 16.  The same is true here.

Johnson's complaints about his boss's bullying and harassment were similar to the complaints in *Wimmer* and *Kelly*, and, like plaintiffs in those cases, Johnson does not adequately plead the first two prongs of a *prima facie* case of retaliation.  While Johnson identified and complained to his union and to the EEOC about conduct that is undesirable in the workplace, he candidly admits that there was not any nexus between the complained-of conduct and Johnson's membership in a protected class.  Johnson might have believed that any bullying, regardless of whether it was motivated by impermissible discrimination, constituted a violation of Title VII, but a "'mere subjective good faith belief is insufficient; the belief must be reasonable and characterized by *objective* good faith.'"  *Kelly*, 716 F.3d at 16 (quoting *Sullivan-Weaver v. N.Y. Power Auth.*, 114 F. Supp. 2d 240, 243 (S.D.N.Y. 2000)) (alterations omitted, emphasis in original).  In *Kelly*, the Court found that even a non-lawyer should have understood that her employer's boorish pattern of unfairly rewarding his office paramour was not violative of Title

VII because she did not allege "that she was being discriminated against on the basis of any trait, protected or otherwise." *Id.* at 17.  It was objectively unreasonable to believe that such a complaint constituted "protected activity" under Title VII.  Similarly, the *Wimmer* court found that the plaintiff "could not have reasonably believed" that his complaints fell under Title VII because, though he did complain about discriminatory behavior, it lacked a sufficient nexus to the office.  176 F.3d at 125; *see also Manoharan v. Columbia Univ. College of Physicians & Surgeons*, 842 F.2d 590, 594 (2d Cir. 1988).  Johnson's complaint suffers the same deficiency – it is objectively unreasonable to believe that complaining about poor treatment in the workplace entirely unrelated to any trait, protected or otherwise, is a "protected activity" under Title VII. Even under the liberal *pro se* pleading standard, Johnson's Complaint therefore fails to plausibly allege that he possessed a *reasonable*, good-faith belief that he engaged in protected activity.

"Moreover, even if [Johnson] had possessed such a belief, nothing in [his] behavior, as described in [his] complaint, would have allowed [his] employer to 'reasonably have understood that [Johnson's] opposition was directed at conduct prohibited by Title VII.'" *Kelly*, 716 F.3d at 17 (quoting *Galdieri-Ambrosini*, 136 F.3d at 292) (alterations omitted).  At this stage in the case, Johnson's complaint adequately alleges that CUNY was aware of the substance of his complaints.  *See Kwan*, 737 F.3d at 844.  But what CUNY knew – that Johnson's Chair was bullying and being rude to him – would not put it on notice that Johnson intended to complain about activity prohibited by Title VII.  *See Manoharan*, 842 F.2d at 594.  "Although particular words such as 'discrimination' are certainly not required to put an employer on notice of a protected complaint, neither are they sufficient to do so if nothing in the substance of the complaint suggests that the complained-of activity is, in fact, unlawfully discriminatory." *Kelly*, 716 F.3d at 17.

Because Johnson did not engage in activity that is protected by Title VII, as a matter of law his termination could not have been retaliatory under Title VII.

## CONCLUSION

For the above stated reasons, the Defendant's Motion to Dismiss is GRANTED.  The Clerk of the Court is directed to enter judgment for Defendant, to terminate Dkt. 31, and to terminate the case.

**SO ORDERED.**

**Dated: September 8, 2014**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**